## HENRI DESLOVERS *vs*. SUPERIOR COURT.

### APRIL 1], 1917.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Baker, JJ.

*(1)   Trials.   Jurisdiction.   Assignments.*

The jurisdiction of indictable crimes and offences given to the Superior Court by statute includes the control of trials under indictments, and as a part of such control the time (within constitutional and statutory limitations) when such trials shall occur.

*(2)   Trials.   Indictments.   Assignments.*

The action of the Superior Court in tacitly accepting as its own an assignment by the attorney general of a criminal case for trial on a day certain, is unobjectionable, provided the defendant has reasonable opportunity to present to the court his objections, if he has any, to such date, and after hearing to have the court itself fix the time of trial.

*(3)   Trials.   Mandamus.*

Where, on a motion of defendant to assign an indictment for trial to a day certain, the Superior Court neither refused to act nor denied the motion for lack of jurisdiction, but denied it without prejudice to its renewal, petition for mandamus will be denied.

PETITION FOR MANDAMUS.   Heard and denied.

PER CURIAM.   The petition in this case shows that the petitioner is under indictment for murder; that upon trial in the Superior Court he was found guilty as charged in the indictment; that on the second of March, 1917, this court granted him a new trial on account of reversible errors in the trial already had; that on the twelfth day of March, 1917, he duly filed in the Superior Court a motion that said indictment be assigned for trial to a day certain, which motion upon hearing on the seventeenth day of March, 1917, was denied by a justice of said court upon the ground, as alleged in the petition, " that he had no jurisdiction to order such an assignment for trial."

The petition asks this court to issue its writ of mandamus to the Superior Court, commanding it '' to grant your petitioner's motion to have said indictment assigned for trial, and . . . to cause an order to be entered on the records of said case assigning the same for trial to a day at once certain and designed to preserve to your petitioner his constitutional right of a speedy and fair trial.''

If the record of the hearing on the motion made it clear that the Superior Court declined to consider and pass upon the motion for lack of jurisdiction, we think a proper case would be presented for the issuance of a. writ of mandamus commanding said court to hear and act upon said motion (but not how it should act), as we are of the opinion that the jurisdiction of indictable crimes and offenses given to the Superior Court by statute includes the control of trials under indictments, and as a part of such control the time (within constitutional and statutory limitations) when such trials shall occur.

The record, however, shows beyond question that the Superior Court neither refused to act upon the motion nor denied it for lack of jurisdiction. Counsel for the petitioner sought to have the court so rule, but it declined to do so. The court denied the motion on the ground apparently that in his judgment it was too early to select, against the objection of the Attorney General, a date upon which the case must be tried. A recognition of its jurisdiction to assign the case for trial is, however, contained in the suggestion that the defendant might come later and ask for an assignment for a day certain in accordance with his constitutional rights. In effect the motion was denied without prejudice to its renewal. In the oral discussion before us reference was made to the existence of a long-time custom or practice under which the Attorney General has exercised a large control of the criminal calendar, as to the time of trials

and their order. Some of the members of this court were formerly members of the Superior Court and are aware of the existence of such practice.

It seems fair to presume from the transcript of what occurred at the hearing that the justice of the Superior Court, who had himself been an attorney general, had this practice in mind when he heard and considered the motion.

It was announced at the hearing before us that the Deslovers case had been set down for trial by the Attorney General on May 28th next, and for Deslovers that he desires a later date. We see nothing objectionable in the Superior Court tacitly accepting as its own an assignment by the Attorney General of a case for trial on a day certain, provided that the defendant has reasonable opportunity to present to the court his objections, if he has any, to such date, and after hearing to have the court itself fix the time of trial.

As has already been indicated, the petitioner has failed to establish the fact upon which he bases his application for a writ of mandamus, and accordingly his petition is denied and dismissed.

*Eugene L. Jalbert, John J. Fitzgerald,* for petitioner.
*Antonio A. Capotosto, Assistant Attorney General,* for respondent.